# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10CV192-RJC-DSC

| | |
|---|---|
| ROOSEVELT BROOME, JR., | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND RECOMMENDATION AND ORDER** |
| SHARONVIEW FEDERAL CREDIT UNION, MICHAEL S. HUNTER, et. al., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss" (documents ##3 and 5) filed respectively on April 29 and May 10, 2010. The pro se Plaintiff has not filed a response, and the time for filing a brief or otherwise opposing the Motions has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and these Motions are now ripe for the Court's consideration.

This action involves the foreclosure of a deed of trust on real property located at 524 Westham Ridge Road, in Charlotte, North Carolina. (hereinafter "real property") by Defendant Sharonview Federal Credit Union through its attorney, Defendant Michael S. Hunter. During the foreclosure proceeding, a writ of possession for the subject property was issued on April 6, 2010. Subsequently, Mecklenburg County Sheriff's deputies, who are the remaining Defendants in this matter, executed the writ, and evicted Plaintiff Roosevelt T. Broome, Jr. from the property.

On April 22, 2010, the pro se Plaintiff filed his Complaint in this Court, alleging that the Defendants violated his constitutional rights by obtaining and executing the writ of possession. Plaintiff further contends that Defendants refused to honor his "reservation of rights UCC 1-308/1-

207." "Complaint" at 3 (document #1).

In their respective Motions, Defendants have moved to dismiss, citing, among other things, the absence of federal subject matter jurisdiction.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a case must be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The party seeking federal jurisdiction has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). It is clear from the record that Plaintiff and many if not all of the Defendants are citizens of North Carolina. There is no diversity of citizenship and, therefore, the basis for federal subject matter jurisdiction must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit recently stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

2

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Whether the Complaint is analyzed as a collateral challenge to the writ of possession or to the underlying foreclosure proceeding, there is no basis for federal jurisdiction.

Evaluated as a collateral attack on the writ of possession issued in state court, the Rooker-Feldman doctrines bar Plaintiff's Complaint. The Rooker-Feldman doctrine bars plaintiffs from attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923).

Plaintiff's Complaint is based entirely upon his contention that the "lower courts" erred in issuing the writ of possession. For instance, under "Nature of Case," Plaintiff alleges that the "lower courts ruled in favor of Sharonview Federal Credit Union and their attorney, Michael S. Hunter, in spite of the precedent setting case that I provided." (Document #1 at 3). He alleges that the lower courts ignored his right to contract, his bond, the instruments he filed in the case, and failed to observe North Carolina General Statute § 45-21.29(k)(2). (Document #1 at 3-4). Since the injuries alleged in Plaintiff's Complaint stem from the issuance and service of the writ, and Plaintiff is seeking a judgment from this Court that would have the effect of overturning this writ, his Complaint is barred by the Rooker-Feldman doctrine.

In Hunter v. U.S. Bank National Association, ___ F. Supp. 2d ___, 2010 U.S. Dist. LEXIS 26675 (D.D.C. 2010), a federal district court dismissed a lawsuit similar to the instant case. In Hunter, the plaintiff brought an action to quiet title to property he owned, which was foreclosed upon

by the defendant. Id. at *3. The plaintiff also alleged that the state court judgment of foreclosure violated his due process rights under the Fifth and Fifteenth Amendments. Id. at *5. In Hunter, the plaintiff alleged, as the Plaintiff does in this case, that the note was invalid because there was no consideration, and that the defendants failed to validate the debt because the defendants did not respond to his request for proof of debt ownership. Id. at * 6-7. The district court rejected these claims and held that the plaintiff's complaint fell squarely within the Rooker-Feldman doctrine because "[a]ll of the injuries alleged in the Complaint stem from the foreclosure of the Property, and Hunter is explicitly seeking a judgment from this Court that would have the effect of modifying the state court's judgment of foreclosure." Id. at * 12-14.

Similarly, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question").

Accordingly, for both of these reasons, the Motions to Dismiss must be granted.

**ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss" (documents ##3 and 5) be **GRANTED** and that this matter be

4

**DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: June 8, 2010

David S. Cayer
United States Magistrate Judge